**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3837-16T2

SCOTTY PINE, INC.,

    Plaintiff-Appellant,

v.

DIRECTOR, DIVISION OF TAXATION,

    Defendant-Respondent.

_____

Submitted September 17, 2018 – Decided October 12, 2018

Before Judges Gooden Brown and Rose.

On appeal from the Tax Court of New Jersey, Docket No. 9486-2015.

Richard M. Conley, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Ramanjit K. Chawla, Deputy Attorney General, on the brief.)

PER CURIAM

Plaintiff Scotty Pine, Inc. appeals from a March 30, 2017 Tax Court order denying its motion for reconsideration of a prior order[1] dismissing its complaint, which protested certain taxes and fees. We affirm.

The crux of this appeal is whether plaintiff proved its tax protest letter was duly mailed, preserving its right to challenge defendant Director, Division of Taxation's audit and assessment of $317,058 for unpaid sales and use taxes, litter control fees, penalties and interest for the period from April 1, 2008 to March 31, 2012. Defendant's Conference and Appeals Branch (CAB) denied the protest as untimely because plaintiff's request for a hearing was not "postmarked (or otherwise submitted for courier delivery)" within ninety days of CAB's June 18, 2014 Notice of Assessment Related to Final Audit Determination.

Thereafter, plaintiff filed a complaint with the Tax Court challenging defendant's determination, claiming it "legitimately tried" to timely file its

---

[1] Although plaintiff's notice of appeal did not specifically designate the prior order generating its reconsideration motion, contrary to Rule 2:5-1(f)(3), we consider the underlying order because the trial judge referenced his prior decision in his written opinion accompanying the May 30, 2017 order. See N. Jersey Neurological Assocs., PA ex rel. Gil v. Clarendon Nat. Ins. Co., 401 N.J. Super 186, 196 (App. Div. 2008) (permitting argument concerning an order not specified in the notice of appeal where the earlier issue continued to be raised in the present appeal).

protest letter. Defendant moved to dismiss the complaint for lack of subject matter jurisdiction. Finding disputed issues of fact precluded summary judgment, Judge Mark Cimino denied the motion, but scheduled an evidentiary hearing.

We derive the pertinent facts from the evidence adduced at the motion hearing. Walter Wilson, the attorney[2] who prepared the protest letter, was the sole witness to testify at the hearing. The court admitted into evidence Wilson's certification and a copy of the protest letter dated July 23, 2014.

In sum, following the death of plaintiff's tax attorney, Wilson agreed to file the protest, although he was plaintiff's land use attorney and inexperienced in tax appeals. On July 23, 2014, while vacationing at the Jersey Shore, Wilson completed the protest letter on his laptop computer, printed it at the local library, and then mailed it to CAB from the Normandy Beach branch of the U.S. Post Office. Wilson sent the letter via regular mail in a standard, letter-sized envelope. He recalled purchasing three stamps, placing them on the envelope, and placing the envelope in the mail slot. Wilson did not retain a receipt for the postage. He did not photocopy the letter, but retained a copy on his laptop.

---

[2] At the time of the hearing Wilson was temporarily suspended from the practice of law for reasons unrelated to the present matter.

Wilson did not recall following up with defendant regarding the status of the protest prior to CAB's September 17, 2014 deadline.

Following the hearing on June 15, 2016, Judge Cimino granted defendant's motion to dismiss plaintiff's complaint in a cogent oral decision. Citing the "postmark rule,"[3] and the regulations pertaining to mailing set forth in N.J.A.C. 18:2-4.1 -4.13, the judge found plaintiff failed to prove its protest letter was mailed. In doing so, the judge found the postmark rule "appeared to supplant the common law mailbox rule that provides . . . if a document is

---

[3] N.J.S.A. 54:49-3.1(a). Pertinent to this appeal, the postmark rule provides:

> Except as another payment method may be specified by law, a . . . protest, . . . required to be filed within a prescribed period, or on or before a prescribed date, under the provisions of any State tax that, after the period or the date, is delivered by United States mail to the director, bureau, office, officer or person with which or with whom the document is required to be filed shall be deemed to be delivered on the date of the United States postmark stamped on the envelope. . . . If any document is sent by United States registered or certified mail, such registration or certification shall be prima facie evidence that the document was delivered to the director, bureau, office, officer or person to which or to whom addressed.

properly mailed, the [c]ourt will presume the United States Postal Service delivered the document to the addressee."

Because plaintiff was unable to produce "proof of a certified mailing[, which] is deemed to be prima facie evidence of such mailing," Judge Cimino dismissed the complaint without assessing Wilson's credibility. At the conclusion of the hearing, however, "[g]iven that the postmark rule was not raised by either party," the judge invited plaintiff to file "a motion for reconsideration if authority was discovered indicating that the postmark rule is not the exclusive means of establishing delivery of a document to the Director."

Plaintiff thereafter filed a motion for reconsideration, essentially reiterating its previous argument without citing additional authority. In a thorough and well-reasoned written opinion accompanying his order, Judge Cimino reconsidered plaintiff's argument, but again denied its motion. In doing so, the judge analyzed, at great length, the legislative history of the postmark rule, comparing it to its federal counterpart[4] and the federal body of case law interpreting the parallel federal statute.

Turning to New Jersey's postmark rule, the judge observed, "The statute or the enactment on its face reveals no intent that the common law rules

---

[4] 26 U.S.C. § 7502.

regarding delivery are supplanted."  Rather, the judge "determine[d] that satisfaction of the postmark rule is not the only way in which a taxpayer can establish delivery of a document to be filed. The common law mailbox rule also remains as a viable method of establishing delivery."  Citing our Supreme Court's decision in SSI Medical Services v. State of New Jersey, 146 N.J. 614 (1996), Judge Cimino also "recognized a presumption that mail properly addressed, stamped and posted was received by the party to whom it was addressed." Id. at 621.

Applying the law to the facts of the present case, Judge Cimino made the following findings:

> Mr. Wilson was licensed as an attorney in New Jersey for a number of years.  There is simply no explanation as to why he did not send the document by certified mail.  He allegedly took the item to the post office where presumably certified cards and return receipts would be available. Pursuant to the mailbox rule, having a receipt from the Post Office demonstrating that he sent the document by certified mail would have plainly been prima facie evidence that the document was delivered.  Moreover, there was not any testimony indicating that Mr. Wilson used anything but a plain white envelope.  What was especially disconcerting to the court is the fact that Mr. Wilson testified he was only on vacation for a week in late July and that the protest was not due until the end of September.  It simply does not make sense as to why Mr. Wilson would have been working during his vacation when he had some eight weeks remaining to get the protest to

the Director. Obviously, if the notice had been mailed from his office, there would have been not only his testimony, but the testimony of his staff establishing the standard mailing procedures for his office. Rather, he allegedly engaged in this aberrant preparation and mailing procedure in which he was printing law office documents at public libraries and then going to [the] post office and buying stamps. Overall, the court has had the opportunity to review Mr. Wilson's testimony in this case as well as his demeanor and such and finds that his testimony is simply not credible.

Notwithstanding his credibility assessment, Judge Cimino indicated he would have dismissed the complaint "even if [he] had found [Wilson] credible[",] citing our decision in <u>Luiz v. Sanjurjo</u>, 335 N.J. Super. 279, 281 (App. Div. 2000) (holding "an attorney owes a duty to monitor whether a mailed document has actually been received and filed . . . an easy task, particularly in the age of computers."). Thus, the judge found, "Here, there was some eight weeks to go and there is simply not any evidence that Mr. Wilson took steps to remediate the failure of the protest to reach its destination regardless of the reason or fault." This appeal followed.

In its single-point merits brief, plaintiff raises the following argument for our consideration:

> THE COURT SHOULD REVERSE ITS DECISION BECAUSE WALTER WILSON TESTIFIED CREDIBLY THAT HE ADDRESED THE PROTEST LETTER TO THE DIRECTOR AT THE DIRECTOR'S

APPROPRIATE ADDRESS AND THAT HE MAILED THE NOTICE IN A TIMELY MANNER, WITH PROPER POSTAGE, IN THE POST OFFICE BUILDING, WHICH CREATES AN UNCHALLENGED LEGAL PRESUMPTION THAT THE NOTICE WAS DELIVERED, OR, IN THE ALTERNATIVE, THE COURT SHOULD HAVE TOLLED THE FILING DEADLINE FOR THE PROTEST SO THE TAXPAYER CAN HAVE THE TAX ASSESSMENTS REVIEWED.

We will not set aside a trial court's order on a motion for reconsideration unless it is shown to be a mistaken exercise of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016), aff'd., 231 N.J. 135 (2017) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)). Reconsideration is "a matter within the sound discretion of the [c]ourt, to be exercised in the interest of justice[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Governed by Rule 4:49-2, reconsideration is appropriate for a "narrow corridor" of cases in which either the court's decision was made upon a "palpably incorrect or irrational basis," or where "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria, 242 N.J. Super. at 401).

Further, "The scope of appellate review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169

8

(2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting In re Trust Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (internal quotation marks omitted)). "Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare, 154 N.J. at 411-12). "Because a trial court hears the case, sees and observes the witnesses, and hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Ibid. However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. State v. Parker, 212 N.J. 269, 278 (2012); Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008).

Applying these well-established standards of review here, we discern no basis to set aside the court's order dismissing plaintiff's complaint. Our review of the record convinces us that plaintiff's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(E). We affirm for the reasons set forth in Judge Cimino's comprehensive written opinion, which is

9

supported by substantial credible evidence in the record. We add only the following brief remarks.

Having had the opportunity to observe Wilson, Judge Cimino determined he was not credible. That assessment is consistent with the evidence that an attorney with his experience should have either: (1) sent the protest letter by certified mail, thereby satisfying the postmark rule; or (2) utilized the standard mailing procedures of his office, which could have been corroborated by his staff, thereby satisfying the mailbox rule. At the very least, he should have retained a receipt for postage. Nonetheless, as Judge Cimino noted, it was incumbent upon plaintiff to confirm that its protest actually was timely filed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3837-16T2